```
                         UNITED STATES DISTRICT COURT
                         SOUTHERN DISTRICT OF FLORIDA

                         CASE NO.09-14319-CIV-MOORE
                              (07-14048-CR-MOORE)
                         MAGISTRATE JUDGE P.A. WHITE

SAMMIE SCALES,                 :

        Movant,                :

v.                             :         REPORT OF
                                      MAGISTRATE JUDGE
UNITED STATES OF AMERICA,      :

        Respondent.            :
_____
```

Sammie Scales filed a pro se motion to vacate pursuant to 28 U.S.C. §2255, attacking his conviction and sentence imposed following a guilty plea in Case No. 07-14048-cr-Moore.

This Cause has been referred to the undersigned for consideration and report pursuant to 28 U.S.C. §636(b)(1)(B) and Rules 8 and 10 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

For its consideration of the motion to vacate (Cv-DE#1), the Court reviewed the government's response to an order to show cause with multiple exhibits (Cv-DE#8), the movant's reply (DE#9), and the underlying criminal file. The movant's conviction and sentence were affirmed on December 16, 2008, by the Eleventh Circuit Court of Appeals, United States v Scales, 300 Fed. Appx. 692 (CA 11 (Fla) 2008). This motion, filed on September 17, 2009, is timely filed.

Scales raises the following ineffective assistance of counsel claims:

> 1. Counsel was ineffective by failing to argue that the District Court lacked jurisdiction when imposing a judgment of conviction and sentence in violation of 18 U.S.C. 924(c)
>
> 2. Counsel was ineffective for failing to argue that under the "except" clause of 924(c)(1)(A), the District Court lacked jurisdiction to impose a consecutive minimum sentence where petitioner had already been imposed with a greater minimum sentence under the same statutory provision 924(c)(1)(A).
>
> 3. Counsel was ineffective for allowing the District Court to unlawfully apply the "Career Offender" Guideline to that Count.
>
> 4. Counsel was ineffective for failing to argue that the District Court lacked jurisdiction to impose a sentence under 18 U.S.C. §924(e) absent a finding that the petitioner had three previous convictions for "Violent Felonies" or "Serious Drug Offenses".

Factual and Procedural History

On July 12, 2007, Scales was indicated for possession of a firearm and ammunition, in violation of 18 U.S.C. §§922(g)(1) and 924(e), (Count 1), possession with intent to distribute crack cocaine, in violation of 21 U.S.C. §841 (a)(1), Count 2, and carrying a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. §924(c)(1)(A)(i), Count 3.

On September 5, 2007, the petitioner pleaded guilty to Counts

1 and 3 of the Indictment. The government dismissed Count 2, and sentencing was set for December 10, 2007. Before sentencing the petitioner filed two pro-se motions, a motion to suppress all evidence and a motion for a Nelson inquiry and to dismiss counsel and appoint new counsel. At the sentencing hearing the motions were denied. The petitioner was sentenced to 267 months as to Count 1 and 60 months as to Count 3, to be served consecutively. The conviction and sentenced were affirmed by the Eleventh Circuit on December 16, 2008. United States v Scales, supra.

The facts in this case are as follows:[1] On June 3, 2007, Martin County Sheriff's Deputies arrested Scales on an outstanding warrant for failure to pay child support, after observing him drive in a reckless manner in Indian town, Florida. During a search incident to the arrest, a deputy found thirty-plus crack cocaine rocks in Scales front short's pocket, along with a Baggie of 39 smaller Baggies of marijuana. A loaded pistol was recovered, when the grip was discovered sticking out from under the passenger seat where Scales had been sitting.

In a post arrest statement Scales admitted to the buying and selling of both the cocaine and marijuana. He stated he had found the gun approximately ten days earlier, and admitted he was a convicted felon.

Anaylsis and law

There are three types of issues that a section 2255 motion cannot raise: (1) issues that were raised on direct appeal, absent a showing of changed circumstances; (2) non-constitutional issues that could have been but were not raised on direct appeal; and (3)

---

[1] The facts were taken from the Appellate Decision, the PSI, and the government's response.

constitutional issues that were not raised on direct appeal, unless the section 2255 petitioner demonstrates cause for the procedural default as well as actual prejudice from failure to appeal. Belford v. United States, 975 F.2d 310 (7 Cir. 1992).

However, a claim of ineffective assistance of counsel may constitute cause for failure to previously raise the issue. United States v. Breckenridge, 93 F.3d 132 (4 Cir. 1996). Attorney error does not constitute cause for a procedural default unless it rises to the level of ineffective assistance of counsel under the test enunciated in Strickland v. Washington, 466 U.S. 668 (1984), which is discussed in further detail, *infra*. Murray v. Carrier, 477 U.S. 478, 488 (1986).

For Scales to succeed on a claim of ineffective assistance of counsel, he must demonstrate that counsel's performance was deficient, and that there is a reasonable probability that, but for counsel's errors, the result would have been different, in other words that the petitioner was prejudiced as a result of counsel's performance. Strickland v Washington, 466 U.S.668 668, 694 (1984); Chandler v. United States, 218 F.3d 1305 (11th Cir. 2000)(*en banc*). The standard is the same for claims of ineffective assistance on appeal. Matire v. Wainwright, 811 F.2d 1430, 1435 (11 Cir. 1987). A court may decline to reach the performance prong of the standard if it is convinced that the prejudice prong cannot be satisfied. Id. at 697; Waters v. Thomas, 46 F.3d 1506, 1510 (11 Cir. 1995). Prejudice in the sentencing context requires a showing that the sentence was increased due to counsel's error. Glover v. United States, 531 U.S. 198, 203-204 (2001).

The Eleventh Circuit reviews an attorney's performance with

4

deference, and looks not for "what is prudent or appropriate, but only what is constitutionally compelled." Hardwick v. Crosby, 320 F.3d 1127, 1161 (11 Cir. 2003), citing Chandler v. United States, 218 F.3d 1305, 1313 (11 Cir. 2000) (en banc)(When assessing a lawyer's performance, "Courts must indulge the strong presumption that counsel's performance was reasonable and that counsel made all significant decisions in the exercise of reasonable professional judgment."). The court's role in reviewing ineffective assistance of counsel claims is not to "grade a lawyer's performance; instead, [the court] determine[s] only whether a lawyer's performance was within "the wide range of professionally competent assistance." Van Poyck v. Florida Dept. of Corrections, 290 F.3d 1318, 1322 (11 Cir.), cert. den'd,___ U.S. ___, 123 S.Ct. 70 (2002), quoting, Strickland v. Washington, supra at 690. Review of counsel's conduct is to be highly deferential. Spaziano v. Singletary, 36 F.3d 1028, 1039 (11 Cir. 1994), and second-guessing of an attorney's performance is not permitted. White v. Singletary, 972 F.2d 1218, 1220 (11 Cir. 1992)("Courts should at the start presume effectiveness and should always avoid second-guessing with the benefit of hindsight."); Atkins v. Singletary, 965 F.2d 952, 958 (11 Cir. 1992).

In the context of a case in which guilty pleas or the equivalent were entered, application of the second prong of the two-prong Strickland standard requires a showing that there is a reasonable probability that but for counsel's errors, the defendant would not have pleaded guilty and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52 (1985).

Claim 1

Scales argues that the Court lacked jurisdiction to sentence

him for a violation of carrying and using a firearm in furtherance of a federally punishable crime. Scales argues that, absent a conviction for either a drug trafficking offense or a crime of violence, there was no federally punishable crime. The government dismissed the count of the indictment for a drug violation in accordance with the plea agreement, thereby rendering his conviction unlawful.

This claim has been rejected by the Eleventh Circuit in *United States v Frye*, 402 F.3d 1123 (11 Cir. 2005). (conviction under section 924(c) does not require either that the defendant be convicted of or charged with a predicate offense; *U.S v Chisolm,* 268 Fed. Appx. 856, 859 (11 Cir. 2008) *U.S. v Simmons*, 154 Fed. Appx , 786, 788 (11 Cir. 2005) (section 924(d) requires only that the drug trafficking crime be one that 'may be prosecuted'). The fact that the petitioner was indicted for drug trafficking, not that he was convicted is sufficient.

At the plea colloquy the government proffered evidence including Scales' post-Miranda admittance to selling narcotics and possession of the pistol. The Court inquired if this was a correct statement and the petitioner stated it was. (DE#8-4). Counsel was not ineffective for failing to argue a meritless claims. <u>Matire</u>, <u>supra</u>.

Claim 2

Scales argues in this claim that the "Except Clause" of 18 U.S.C. §924 (c)(1)(A) prohibits the imposition of a mandatory five year sentence under §924(c), when he already faces a greater mandatory minimum sentence of fifteen years under the Armed Career

Criminal Act (ACCA), 18 U.S.C. §924(e).[2]

This reasoning was rejected by the Eleventh Circuit, *See*, *United States v Segarra*, 582 F.3d 1269 (11 Cir. 2009). (Consecutive sentences imposed for both crimes were proper. The "except" clause does not limit consecutive sentences imposed for §924(c) offenses and underlying crimes, *U.S. v Studifin,* 240 F.3d 415 (4th Cir. 2001) (affirming sentences for armed robbery, §924(c) offenses and possession of a firearm by a convicted felon).

The Eleventh Circuit has confirmed its approach in *United States v Tate*, __ F.3d __, 2009 WL 3490293 (11 Cir. 10/30/09). Additionally, a Report and Recommendation of the Undersigned Magistrate Judge was adopted in *Wright v United States*, 2009 SL 3424177 (SD Fla 10/21/09) (plain language of §924(c) does not limit consecutive sentences of five years for mandatory sentence under §924(c) and firearm offense under §924(e) with a minimum mandatory penalty of fifteen years. Counsel cannot be considered ineffective for failing to argue this meritless claim.

Claim 3

Scales claims that the District Court erred in sentencing him under the career offender statute of 4B1.1 of the U.S.S.G., because his conviction under 18 U.S.C. §922(g) for possession of a firearm by a convicted felon does not qualify as a predicate crime of violence.

This claim is based upon a faulty premise. Review of the Pre-

---

[2] The petitioner relies on the holding in United States v Whitley, 529 F.3d 150 (2d Cir. 2008) to support his argument. The Eleventh Circuit considered Whitley and rejected its interpretation.

Sentence Investigation Report reveals that the petitioner qualified as a career offender based upon his present conviction for a drug trafficking crime, 18 U.S.C. §924(c), for use and possession of a firearm in furtherance of his commission of a drug crime, along with at least two other prior felony convictions for controlled substances offenses, Case Nos 99-633 -CFA, 01-779 and 793-CFA. (PSI ¶22). [3] Counsel's failure to argue this meritless claim does not constitute inadequate representation.

Claim 4

In the petitioner's final claim he again challenges his alleged improperly enhanced sentence under the Armed Career Criminal Act, claiming that it was never established that he had three previous convictions for violent felonies or serious drug offenses as defined in §924(e).

As stated in Claim 3, the PSI indicates that the defendant had at least two prior felony convictions of controlled substances offenses, case nos. 99-633-CFA (sale and possession of cocaine with intent to sell), 01-779 (sale of crack cocaine) and 01-793 (officers observed him throw pieces of cocaine to the ground). Counsel filed objections to the PSI Report contesting case no. 01-793-CFA. At sentencing the objection was noted and denied.

Even if the petitioner did not have three prior convictions used for enhancement, the advisory guideline range of 4B1.1(c)(3) was 262 to 327 months (PSI ¶71), and United States District Judge K. Michael Moore sentenced the petitioner to a term of 327 months,

---

[3] As stated above, the petitioner admitted to the facts of the charge of carrying and using a firearm in furtherance of a controlled substance in violation of 18 U.S.C. §924(c) during the plea colloquy..

267 months as to Count 1 and 60 months as to Count 3 to run consecutively. (DE#8-9 p 16).

### Conclusion

Despite the movant's claims of ineffectiveness, counsel was able to obtain a favorable plea for the defendant. The government agreed to drop Count 2, despite the fact that the petitioner had admitted to the charges, and the fact that Scales was arrested while in possession of 30 or more crack cocaine rocks and 39 bags of marijuana.

Scales challenged the voluntariness of his plea on direct appeal, and the Eleventh Circuit found sufficient information in the record to determine that Scales understood the nature of the charges against him and that his plea was voluntary. He further challenged his sentence at the high end of the guidelines. The Eleventh Circuit found his sentence to be reasonable, citing to Scales eight year long criminal record and significant criminal history. United States v Scales, supra.

The movant has failed to demonstrate that his counsel's performance was ineffective, or that he suffered any prejudice from his representation. Strickland, supra. In view of the overwhelming evidence against him, it is clear that petitioner would not have gone to trial but for counsel's alleged errors. Hill v Lockhart, supra.

It is therefore recommended that this motion to vacate be denied.

Objections to this report may be filed with the District Judge

within fourteen days of receipt of a copy of the report.

Dated this 18TH   day of June, 2010.

_____
UNITED STATES MAGISTRATE JUDGE


cc:   Sammie Scales, <u>Pro Se</u>
      Reg#75962-004
      FCI- Coleman
      Address of record

      Theodore Cooperstein, AUSA
      Office of US Attorney
      Ft. Pierce, FL
      Address of Record